[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE VERDICT
After oral argument on the plaintiff's motion to set aside verdict, the court reserved decision on the plaintiff's claim that the jury's verdict in favor of the defendant in this case was against the evidence.
Considering the evidence in the light most favorable to CT Page 6747 sustaining the verdict, Purzycki v. Fairfield, 244 Conn. 101, 107(1988), the jury could have found the following facts. On June 22, 1994, the plaintiff was operating her motor vehicle on Fort Hill Road in Groton, Connecticut, behind the defendant's vehicle. The plaintiff was driving twenty to twenty-five miles per hour and was ten to fifteen feet behind the defendant. As the defendant entered the intersection of Fort Hill Road and Ring Drive, at which intersection a flashing yellow signal light was operating in the direction of the plaintiff and the defendant, the defendant slowed his vehicle. The plaintiff did not apply her brakes and struck the rear of the defendant's vehicle, causing injuries to the plaintiff.
The evidence offered by the plaintiff and a police officer, who witnessed the accident, strongly contradicted the evidence favorable to the defendant. Both the plaintiff and the police officer testified that the defendant came to an abrupt stop in the intersection without giving a proper signal. The officer further testified that the plaintiff was not following the defendant too closely. The defendant did not testify at the trial and the evidence that he did not stop and was only slowing in the intersection was based on a statement he gave to the officer at the time of the accident.
The defendant filed special defenses alleging that the injuries claimed to have been sustained by the plaintiff were the result of her own negligence, including allegations that the plaintiff failed to keep her vehicle under proper and reasonable control, failed to apply her brakes in time to avoid the collision, failed to turn her motor vehicle to the right or left so as to avoid a collision and was following too closely in violation of Connecticut General Statutes § 14-240.
The trial court should not set aside a verdict where there was some evidence upon which the jury could reasonably have based its verdict Labbe v. Hartford Pension Commission, 239 Conn. 168,192 (1996). The trial court does not sit as a seventh juror. When reviewing the sufficiency of the evidence rather the court "must determine, in the light most favorable to sustaining the verdict, whether the totality of the evidence, including reasonable inferences therefrom, supports the jury's verdict." Purzycki v.Fairfield, supra at 113. A conclusion that the jury exercised merely poor judgment is insufficient to set aside the verdict.Sepe v. Deemy, 9 Conn. App. 524, 531 (1987).
CT Page 6748
In the present case, the totality of the evidence does not support a finding by the jury that the defendant was not negligent. However, even if the jury found the defendant to be negligent, based on the plaintiff's testimony as to her speed of twenty to twenty-five miles per hour, her distance behind the defendant of ten to fifteen feet and her failure to apply her brakes, the jury could have found the plaintiff was contributorily negligent in that she failed to keep her vehicle under proper and reasonable control, failed to apply her brakes in time to avoid the collision, failed to turn her vehicle to the right or left so as to avoid a collision or was following the defendant too closely. The jury could have further found that the plaintiff's contributory negligence exceeded 50% of the total negligence of both parties, thereby necessitating a defendant's verdict.
Accordingly, since there was some evidence upon which the jury could have reasonably based its verdict, the motion to set aside verdict is denied.
Hendel, J.